IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JEREMY MONTGOMERY,<br>a.k.a. Donte' Montgomery | ◊<br>◊<br>◊<br>◊ |  |
| Plaintiff, | ◊<br>◊ |  |
| vs. | ◊<br>◊ | No. 08-2710-STA-dkv |
| E. Miller, et al., | ◊<br>◊ |  |
| Defendants. | ◊<br>◊ |  |

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER DENYING MOTION TO APPOINT COUNSEL
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On October 16, 2008, Plaintiff Jeremy Montgomery, an inmate at the Shelby County Jail[1] in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983, along with a motion to appoint counsel and to proceed in forma pauperis. The clerk shall record the defendants as Officer E. Miller, Detective R. Lively, Judicial Commissioner G.A. Odell, and General Sessions Court Clerk Chris Turner.

I. Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff filed a handwritten document entitled "Affidavit in Support of Motion under 28 U.S.C. 1915 for Appointment of Attorney and Authorization to Commence Suit Without Payment of Filing Fee" and an uncertified copy of his "Resident Account Statement" at the Shelby County Jail. (Docket Entry "D.E." 2.) Although Plaintiff's affidavit is not certified by a trust fund officer and Plaintiff has not submitted a certified trust fund account statement, the information supplied by Plaintiff is sufficient to permit assessment of the filing fee. The motion to proceed in forma pauperis is DENIED.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that, within thirty (30) days of the entry of this order, Plaintiff file a properly completed in forma pauperis affidavit bearing a certification by the trust fund officer and a certified trust fund account statement for the six months prior to the commencement of this action.

It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the

account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

   Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the Shelby County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. Motion for Appointment of Counsel

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06.

In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.")

Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law."). As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2nd Cir. 1989).[2]

The Court concludes that an appointment of counsel is not warranted. Plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel is DENIED.

---

[2] The Second Circuit has elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

III. Analysis of Plaintiff's Claims

The factual allegations of the complaint consist, in their entirety, of the following:

> On January 30, 2004, OFC. E. Miller, #4475 wrote False OFFicer (*sic*) reports on my behalf and under oath as an appointed Deputy Jailer.
>
> On the 30th day of January 2004 Detective R. Lively #6566 made an oath in due form of law which falsely accused me of an allegation that was insufficient due to the nature of the charge.
>
> On February 5, 2004 (Judicial Commissioner) G.A. Odell signed and and (*sic*) approved an AFFIDAVIT of complaint that swore and subscribed false allegations on my behalf.
>
> ON February 5,th (*sic*) 2004 General Sessions Criminal Court Clerk (Chris Turner) stamped and approved an AFFIDAVIT of Complaint that Beared false allegations on my behalf.

(D.E. 1 at 2.) Plaintiff attached an "Affidavit of Complaint" which indicated that on or about January 30, 2004, Donte Montgomery "did unlawfully commit the offense(s) of Indecent Exposure T C A 39-13-511" when "inmate Montgomery called Ofc E Miller to his cell and when she arrived he was masterbating (*sic*)". (Id. at 5.) Plaintiff seeks $250,000 as relief from each defendant. (Id. at 4.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is subject to dismissal in its entirety.

6

In assessing whether the complaint in this case states a claim on which relief may be granted,

> [t]he court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. . . . Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. . . . Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show <u>entitlement</u> to relief. . . . To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.

<u>League of United Latin Am. Citizens v. Bredesen</u>, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted; emphasis in original); <u>see also</u> <u>Minadeo v. ICI Paints</u>, 398 F.3d 751, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); <u>Savage v. Hatcher</u>, 109 F. App'x 759, 761 (6th Cir. 2004); <u>Coker v. Summit County Sheriff's Dep't</u>, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of <u>pro se</u> complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); <u>Foundation for Interior Design Educ. Research v. Savannah College of Art & Design</u>, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted); <u>Mitchell v. Community Care Fellowship</u>, 8 F. App'x 512, 513 (6th Cir. 2001); <u>Lewis v. ACB Bus. Servs., Inc.</u>, 135

F.3d 389, 406 (6th Cir. 1998); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) ("[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

Plaintiff's complaint, which concerns events occurring in 2004, is time barred. A one-year statute of limitations is applicable to § 1983 actions in Tennessee. Tenn. Code Ann. § 28-3-104(a); see Wilson v. Garcia, 471 U.S. 261, 266-268 (1985); Bernt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). Therefore, Plaintiff may only sue for claims that accrued no later than October 16, 2007, one year before the commencement of this action.

Further, federal courts have jurisdiction only over cases arising under federal law or cases in which there is complete diversity of citizenship. Plaintiff has not stated a cause of action created by federal law. Plaintiff only alleges that he was "falsely accused" and that an affidavit with false allegations was sworn and subscribed. (D.E. 1 at 2.) The Court could construe Plaintiff's claims as state law claims of defamation. However, the only basis for federal jurisdiction would be diversity of citizenship under 28 U.S.C. § 1332, which requires complete diversity. Strawbridge v. Curtiss, 7 U. S. (3 Cranch) 267, 2 L. Ed. 435 (1806); Safeco Ins. Co. v. City of White House, 36 F.3d 540, 544 (6th Cir. 1994). It would not be appropriate to construe Plaintiff's complaint as asserting state-law tort claims against Defendants, as there is no allegation that the Court has diversity

8

jurisdiction under 28 U.S.C. § 1332(a), and all defendants, like Plaintiff, appear to be residents of Tennessee.

The complaint fails to state a claim upon which relief may be granted. The complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b), and Fed. R. Civ. P. 12(h)(3).

IV. <u>Appeal Issues</u>

The Court must also consider whether Plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>, should he seek to do so. The United States Court of Appeals requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed <u>in forma pauperis</u>, whether the appeal is frivolous. <u>Floyd v. United States Postal Serv.</u>, 105 F.3d 274, 277 (6th Cir. 1997). Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. §

9

1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.

IT IS SO ORDERED this 5th day of November, 2008.

**S/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE